UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN ARNALDO PARDO ESCOBAR,<br><br>                                 Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN; et al.,<br><br>                             Respondents. | Case No.: 26cv3312-LL-DEB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS [ECF No. 7];**<br><br>**ORDER DENYING AS MOOT EMERGENCY MOTION TO ENJOIN TRANSFER [ECF No. 2]** |

Before the Court is Petitioner Glenn Arnaldo Pardo Escobar's operative Amended Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 7 ("Pet."). The Government filed a Return. ECF No. 10 ("Ret."). Mr. Escobar filed a Traverse. ECF No. 11. For the reasons set forth below, the Court **GRANTS** Mr. Escobar's Petition for Writ of Habeas Corpus and **DENIES AS MOOT** his Emergency Motion to Enjoin Transfer (ECF No. 2).

The Government acknowledges that Petitioner was previously released on parole. ECF No. 10 at 2. The Government does not, however, contend that Petitioner's parole was lawfully revoked or terminated. The Government does not claim that Petitioner is a flight risk or a danger to the community.

1

26cv3312-LL-DEB

Due process for the revocation of release requires (1) a decision by an appropriate official on whether the purpose of release has been served; (2) written notice of the reasons for the revocation; and (3) a fair opportunity to rebut the reasons given for the revocation. *See Noori v. LaRose*, 807 F.Supp.3d 1146, 1165 (S.D. Cal. 2025) ("Petitioner was entitled to due process in his parole revocation. Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the determination."); *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1146 (D. Or. 2025) ("[A]s a noncitizen with connections in the United States who is no longer at the threshold of initial entry, Petitioner is entitled to due process rights." (quotation marks and citation omitted)). Respondents failed to comply with these due process requirements, and thus Petitioner is entitled to be released. Petitioner is also entitled to be released because Respondents do not contend that Petitioner is a flight risk or a danger to the community. *See Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1035 (N.D. Cal. 2025) ("Civil immigration detention is permissible only to prevent flight or protect against danger to the community.").

For the reasons stated, Respondents are ordered to immediately release Petitioner from custody under any preexisting conditions of his conditional parole.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Mr. Pardo Escobar's Petition for Writ of Habeas Corpus (ECF No. 7) as follows:

1. The Court **ORDERS** the Government to immediately release Mr. Pardo Escobar from custody subject to the conditions of his preexisting release.

2. The Court **ORDERS**, prior to any re-detention of Mr. Pardo Escobar, that Mr. Pardo Escobar is entitled to notice of the reasons for revocation of his release and a hearing before a neutral decision maker to determine whether detention is warranted. The Government shall bear the burden of establishing, by clear

26cv3312-LL-DEB

and convincing evidence, that Mr. Pardo Escobar poses a danger to the community or a risk of flight.[1]

3. The Court **DENIES AS MOOT** Petitioner's Emergency Motion to Enjoin Transfer [ECF No. 2].

4. The Clerk of Court shall enter judgment in Mr. Pardo Escobar's favor and close this case.

**IT IS SO ORDERED**.

Dated:  June 23, 2026

_____
Honorable Linda Lopez
United States District Judge

---

[1] This relief has been granted in similar matters. *See, e.g., Alvarenga Matute*, 807 F. Supp. 3d at 1133; *Pinchi*, 792 F. Supp. 3d at 1038; *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1097 (E.D. Cal. 2025); *Martinez Hernandez v. Andrews*, No. 25-CV-1035 JLT HBK, 2025 WL 2495767, at *14 (E.D. Cal. Aug. 28, 2025).

26cv3312-LL-DEB